UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

MICHAEL SENNO,

                    Plaintiff,

      -against-

ELMSFORD UNION FREE SCHOOL
DISTRICT, CAROL FRANKS-RANDALL,
individually, BETTY FUNNY-CROSBY,
individually, MATTHEW R. C. EVANS,
individually, and DEBRA B. LAWRANCE,
individually,

                    Defendants.

-------------------------------------------------------x

**08 CIV. 2156**

08 Civ.   (   )

**COMPLAINT**

**Jury Trial Demanded**

**JUDGE CONNER**

Plaintiff MICHAEL SENNO, by his attorneys Lovett & Gould, LLP, for his

complaint respectfully states:

## NATURE OF THE ACTION

1. This is an action for compensatory damages for violations of Plaintiff's rights

as guaranteed him by reason of Title VII, 42 U.S.C. §2000e *et. seq.*

## JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343. On

August 21, 2007, Plaintiff duly filed a Charge of Discrimination (#520-2007-04214)

premised upon gender with the United States Equal Employment Opportunity

Commission. On that same date Plaintiff requested the immediate issuance of a Notice of

Right to Sue. Although no such Notice has been issued, more than one hundred eighty

days have passed since the filing and that request. Plaintiff's state law claim is interposed in accordance with the Court's supplemental jurisdiction, 28 U.S.C. §1367.

## THE PARTIES

3. Plaintiff MICHAEL SENNO is a citizen of the United States, a domiciliary of the State of New York, and a resident of the Northern Counties. At all times relevant to this complaint he was employed by the Defendant District as a Deputy Superintendent.

4. Defendant ELMSFORD UNION FREE SCHOOL DISTRICT (hereinafter the "District") is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State.

5. Defendant CAROL FRANKS-RANDALL (hereinafter "Franks-Randall"), who is sued in her personal and individual capacities only, at all times relevant to this complaint was employed as the Superintendent of Schools of the District.

6. Defendants BETTY FUNNY-CROSBY, MATTHEW R. C. EVANS, and DEBRA B. LAWRANCE (hereinafter collectively referred to as the "Board"), each of whom is sued in his/her individual and personal capacities, at all times relevant to this complaint were duly elected members of the Board of Education of the District.

## THE FACTS

7. In September 2005 a female Assistant Vice Principal of the District's High School, Sandra Calvi (hereinafter "Calvi"), made repeated sexual advances towards Plaintiff and ensnared him in a temporal intimate relationship.

8. When Plaintiff advised Calvi that he was terminating their relationship, Calvi repeatedly attempted to coerce him to continue it. In that connection she:

    a. Threatened to report their relationship to Franks-Randall,

    b. Threatened to report their relationship to Plaintiff's spouse,

    c. Exhibited bizarre and assaultive behavior towards Plaintiff, including hurling a District-owned cell phone at Plaintiff's head, breaking the phone,

    d. Threatened to commit suicide by ingesting an overdose of prescription medications, and *inter alia*,

    e. Threatened Plaintiff, in the presence of his secretary Noel Bopp: "What's more important to you, your wife or your job".

9. When Plaintiff refused to succumb to Calvi's threats, in early June 2007 she:

    a. Reported their consensual relationship to Plaintiff's spouse, and with a view towards exerting pressure on the District,

    b. Reported their consensual relationship to her union representative.

10. Later that month Franks-Randall, who by her own admission was aware of other consensual sexual relationships indulged in by District staff, was advised in detail by Plaintiff as to the nature of Calvi's apparent obsession with Plaintiff and her repeated attempts to coerce him [in violation of New York State Penal Law Sections 110.00 (Attempt to Commit a Crime), 135.60 (Coercion in the Second Degree), and 195.00 (Official Misconduct)]to remain in a relationship with her. In response, Franks-Randall commented: "This sure seems like that fatal attraction movie".

11. Franks-Randall thereafter advised Plaintiff on or about June 20, 2007, that she was going to prefer disciplinary charges against Calvi because of her bizarre behavior.

12. At or about the same time outside labor counsel for the District inconsistently advised Plaintiff that "Sandy has the trump card" because she can sue the District under Title VII, a statement that clearly indicated to Plaintiff that because Calvi is female and was evidently threatening to sue the District, the District determined to discriminate against Plaintiff by reason of his gender for engaging in the same conduct as did Calvi.

13. Under the circumstances on August 21, 2007, Plaintiff duly filed the above-referenced Charge of Discrimination with the EEOC. On the same date by fax Plaintiff's counsel advised Franks-Randall of that filing and cautioned against the District taking "adverse employment against [Plaintiff] by reason of that filing".

14. As a proximate result of the EEOC filing and the District's deliberate decision to indulge in reverse gender discrimination rather than face a suit by Calvi, on February 6, 2008, the Board at the request of Franks-Randall made a finding of "probable cause" in accordance with Section 3020a of the New York State Education Law accusing Plaintiff - - but not Calvi - - of sexual misconduct. Those charges also embodied patently false assertions of other supposed misconduct - - the product of Calvi's disturbed thinking motivated by her vow to exact vengeance on Plaintiff for breaking off their relationship.

15. In that connection Defendants suspended Plaintiff from his position of employment, stripped him of all job-related duties and responsibilities, and are currently in the process of seeking his termination; by way of contrast no disciplinary action and/or formal disciplinary action has been taken against Calvi despite the Defendants' awareness that she:

a. Has been arrested for assaulting her former husband and ex-mother-in law on public school premises in Mahopac, New York,

b. Has been the subject of numerous complaints of inappropriate conduct in the District workplace including wearing provocative clothing (exposing her cleavage), and routinely touching male staff,

c. Has been the subject of a number of complaints involving her sexual relationship with a member of the Mahopac Board of Education - - from which she summarily resigned upon her assault arrests,

d. Has been the subject of another in-District complaints by at least one male employee that she sexually harassed him on the job, and,

e. Has repeatedly, falsely reported incidents to Franks-Randall regarding Plaintiff.

16. As a proximate result of Defendants' conduct, Plaintiff has been caused to suffer: retaliation by reason of his EEOC filing; intentional reverse gender discrimination; emotional upset; anxiety; public humiliation; public embarrassment; and he has otherwise been rendered sick and sore.

## AS AND FOR A FIRST CLAIM
## AGAINST THE DISTRICT

17. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "16", inclusive.

18. Under the premises Defendant's conduct and/or retaliatory conduct violated Plaintiff's rights as guaranteed by Title VII.

## AS AND FOR A SECOND CLAIM
## AGAINST ALL DEFENDANTS

19. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "16", inclusive.

20. Under the premises the District as Plaintiff's employer and the individually named Defendants as aiders and abettors, violated Plaintiff's rights as guaranteed by Section 296 *et. seq* of the New York State Executive Law.

WHEREFORE a judgment is respectfully requested:

a.  Awarding as against all Defendants such compensatory damages as the jury may determine,

b.  Awarding on the First Claim reasonable attorney's fees and costs,

c.  Permanently enjoining the prosecution of the Section 3020a charges, ordering Plaintiff restored to his full job duties and responsibilities, and,

d.  Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
     March 3, 2008

LOVETT & GOULD, LLP
By:_____
Jonathan Lovett (4854)
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401