UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MICHAEL SENNO,

                              Plaintiff,

- against -

ELMSFORD UNION FREE SCHOOL DISTRICT, CAROL FRANKS-RANDALL, individually, BETTY FUNNY-CROSBY, individually, MATTHEW R. C. EVANS, individually, and DEBRA B. LAWRENCE, individually,

                              Defendants.

------------------------------------------------------------------------X

08-CV-2156 (WCC)

**ANSWER**

       Defendants Elmsford Union Free School District, Carol Franks-Randall, Betty Funny-Crosby, Matthew R. C. Evans, and Debra B. Lawrence, by their attorneys, MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP, answer the plaintiff's complaint as follows:

       1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action as set forth therein.

       2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to assert jurisdiction as set forth them and that plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission.

       3.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

       4.     Deny the allegations set forth in paragraph "4" of the complaint.

5. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint, except admit that Carol Franks-Randall is the Superintendent of the Elmsford Union Free School District.

6. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint except admit that Betty Funny-Crosby, Matthew R. C. Evans and Debra B. Lawrance are duly elected members of the Board of Education of the Elmsford Union Free School District.

7. Deny the allegations set forth in paragraph "7" of the complaint.

8. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint, and all of its sub-parts.

9. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Deny the allegations set forth in paragraph "10" of the complaint.

11. Deny the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that plaintiff was suspended.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. As to paragraph "17", repeats, reiterates, and realleges the denials set forth above in answer to the allegations set forth in paragraphs of the complaint numbered "1" through "16."

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. As to paragraph "19", repeats, reiterates, and realleges the denials set forth above in answer to the allegations set forth in paragraphs of the complaint numbered "1" through "18."

20. Deny the allegations set forth in paragraph "20" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, THE ANSWERING DEFENDANTS ALLEGE:**

21. The complaint fails to state a claim upon which relief may be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, THE ANSWERING DEFENDANTS ALLEGE:**

22. Any injury alleged to have been sustained by the plaintiff was the result of plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties and was not the proximate result of any act of the defendants.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, THE ANSWERING DEFENDANTS ALLEGE:**

23. The individually-named defendants are entitled to qualified immunity from liability.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, THE ANSWERING DEFENDANTS ALLEGE:**

24. At all times relevant to the acts alleged in the complaint, the answering defendants acted reasonably, properly and in the lawful exercise of their discretion.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, THE ANSWERING DEFENDANTS ALLEGE:**

25. Defendants have not violated any rights, privileges or immunities under the Constitution or the laws of the United States or the State of New York, nor have defendants violated any Act of Congress providing for the protection of civil rights.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, THE ANSWERING DEFENDANTS ALLEGE:**

26.     Plaintiff has failed to mitigate his damages, if any, as claimed in this action.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, THE ANSWERING DEFENDANTS ALLEGE:**

27.     Plaintiff's claims are barred by his failure to comply with the conditions precedent to suit, including, but not limited to, General Municipal Law § 50-e and Education Law § 3813.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, THE ANSWERING DEFENDANTS ALLEGE:**

28.     Plaintiff filed this action without having received the required Right to Sue letter from the EEOC and, therefore, this Court lacks subject matter jurisdiction.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, THE ANSWERING DEFENDANTS ALLEGE:**

29.     Defendants have not engaged in any discriminatory or retaliatory conduct.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, THE ANSWERING DEFENDANTS ALLEGE:**

30.     Defendants are entitled to absolute immunity from liability.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, THE ANSWERING DEFENDANTS ALLEGE:**

31.     Defendants' employment policies and practices conform to the requirements of all applicable federal and state laws including, but not limited to, Title VII of the Civil Rights Act of 1964 and are administered in a manner that is consistent with defendants' legal obligations.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, THE ANSWERING DEFENDANTS ALLEGE:

32. Plaintiff's claims are not ripe for adjudication.

**WHEREFORE,** defendants Elmsford Union Free School District, Carol Franks-Randall, Betty Funny-Crosby, Matthew R. C. Evans, and Debra B. Lawrence request judgment dismissing the complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated: Mineola, New York
April 24, 2008

    MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP
    Attorneys for Defendants
    ELMSFORD UFSD
    CAROL FRANKS-RANDALL
    BETTY FUNNY-CROSBY
    MATTHEW R. C. EVANS
    DEBRA B. LAWRENCE

By: *[signature]*
    STEVEN C. STERN (SS 2573)
    240 Mineola Boulevard
    The Esposito Building
    Mineola, New York 11501
    (516) 741-7676
    Our File No. 08-126

TO:
LOVETT & GOULD, LLP
Jonathan Lovett (JL-4854)
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, NY 10605
(914) 428-8401